IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **NATHAN JOSEPH REIGLE,** | : | **CIVIL NO. 1:15-CV-1408** |
| | : | |
| **Plaintiff** | : | **(Chief Judge Conner)** |
| | : | |
| v. | : | |
| | : | |
| **WARDEN BRUCE KOVACH,** *et al.,* | : | |
| | : | |
| **Defendants** | : | |

### **ORDER**

AND NOW, this 7th day of August, 2015, upon consideration of plaintiff's motion (Doc. 9) for appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1), and assuming that plaintiff's claims have an arguable basis in law and fact[1], and it appearing, at this early juncture in the proceedings, from the complaint (Doc. 1) and the instant motion (Doc. 9), that plaintiff is capable of properly and forcefully prosecuting his claims, and that discovery neither implicates complex legal or factual issues nor requires factual investigation or the testimony of expert

---

[1] If the Court determines that a claim has "arguable merit in fact and law," Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993), consideration of the litigant's ability to proceed *pro se* in light of a number of additional non-exhaustive factors, including: (1) the plaintiff's ability to present his or her case; (2) the complexity of the particular legal issues; (3) the degree to which factual investigation is required and the ability of the plaintiff to pursue such investigation; (4) the amount a case is likely to turn on credibility determinations; (5) whether the case will require testimony from expert witnesses; and (6) the plaintiff's ability to retain and afford counsel on his or her own behalf, is then undertaken. Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002); Parham v. Johnson, 126 F.3d 454, 457-58 (3d Cir. 1997); Tabron, 6 F.3d at 155-57.

witnesses, and it being well-established that indigent civil litigants possess neither a constitutional nor a statutory right to appointed counsel in a civil case, Montgomery v. Pinchak, 294 F.3d 492, 498 (3d Cir. 2002), and that district courts have broad discretion to determine whether to appoint counsel under 28 U.S.C. § 1915, it is hereby ORDERED that the motion (Doc. 9) is DENIED.  If further proceedings demonstrate the need for counsel, the matter will be reconsidered either *sua sponte* or upon motion of plaintiff.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania