# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **NATHAN JOSEPH REIGLE,** | : | **CIVIL NO. 1:15-CV-1408** |
| **Plaintiff** | : | **(Chief Judge Conner)** |
| v. | : | |
| **WARDEN BRUCE KOVACH,** *et al.*, | : | |
| **Defendants** | : | |

## MEMORANDUM

Plaintiff Nathan Joseph Reigle ("Reigle"), a former inmate housed at the Northumberland County Prison, Coal Township, Pennsylvania, commenced this action pursuant to 42 U.S.C. § 1983.[1] (Doc. 1). Named as defendants are Warden Bruce Kovach, Records Supervisor Mark Ferguson, and Prison Board Members Robert Wolf, Vinny Clausi, Steven Bridy, Richard Shoch, Ann Targonski, and Christopher Grayson. (Id.) Before the court is defendants' motion (Doc. 33) to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, the motion will be granted and Reigle will be afforded the opportunity to file an amended complaint.

## I. Allegations of the Complaint

Reigle alleges that defendant Kovach denied inmates access to the law library from April 21, 2015 through July 16, 2015. (Doc. 1, p. 1, ¶ 1). He claims that

---

[1] In an effort to ascertain the custodial status of Reigle, the court accessed the Vinelink online inmate locator, which revealed that he is not in custody. Upon entering Reigle's identifying information into the Vinelink online system, https://vinelink.com/#/search, his status was returned as: "out of custody."

this alleged denial hindered inmates' ability to file and receive legal documents. (Id.) Reigle further alleges that defendant Kovach oversees prison operations denying inmates outside fresh air and exercise. (Id. at p. 4, ¶ 2).

Next, Reigle alleges that defendant Ferguson denied inmates their Post-Conviction Relief Act forms and sentencing orders from May 7, 2015 through July 15, 2015. (Id. at p. 4, ¶ 3).

Lastly, Reigle states that defendants Wolfe, Clausi, Bridy, Shoch, Targonski, and Grayson, in their roles as Northumberland County board members, "oversee that prison policy and procedures are not violating inmates['] rights to access court, law library and exercise." (Id. at pp. 3-4, ¶ 4).

## II. **Standard of Review**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept as true all [factual] allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007) (quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)). Although the court is generally limited in its review to the facts contained in the complaint, it "may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran &

Berman, 38 F.3d 1380, 1384 n. 2 (3d Cir. 1994); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

Federal notice and pleading rules require the complaint to provide "the defendant notice of what the . . . claim is and the grounds upon which it rests." Phillips v. Cty. of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To test the sufficiency of the complaint in the face of a Rule 12(b)(6) motion, the court must conduct a three-step inquiry. See Santiago v. Warminster Twp., 629 F.3d 121, 130-31 (3d Cir. 2010). In the first step, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009)). Next, the factual and legal elements of a claim should be separated; well-pleaded facts must be accepted as true, while mere legal conclusions may be disregarded. Id.; see also Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009). Once the well-pleaded factual allegations have been isolated, the court must determine whether they are sufficient to show a "plausible claim for relief." Iqbal, 556 U.S. at 679 (citing Twombly, 550 U.S. at 556); Twombly, 550 U.S. at 555 (requiring plaintiffs to allege facts sufficient to "raise a right to relief above the speculative level"). A claim "has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

**III.   Discussion**

Section 1983 of Title 42 of the United States Code offers private citizens a cause of action for violations of federal law by state officials. See 42 U.S.C. § 1983. The statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

Id.; see also Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996). To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

**A.   Access to the Courts**

Reigle alleges that defendants denied him access to the courts by denying access to the law library and access to legal documents. (Doc. 1, p. 2, ¶ 1). A First Amendment denial of access to the court cause of action is stated by alleging that a particular defendant: (1) interfered with; (2) a nonfrivolous attack on conditions of confinement, or the defense against a criminal charge, a direct appeal from or collateral attack on a criminal conviction, or a habeas corpus petition. See Lewis v. Casey, 518 U.S. 343, 353 n. 3 and 355 (1996); Bounds v. Smith, 430 U.S. 817 (1977). However, as the Supreme Court made clear in Lewis, a plaintiff must demonstrate actual injury. In other words, the inmate must allege some legal loss. Reigle has

4

failed to allege or identify any actual injury that he suffered. In failing to establish actual injury or some legal loss, Reigle fails to set forth any factual averments establishing that defendants' conduct imposed a substantial impact on him. Consequently, defendants' motion to dismiss the access to the courts claim will be granted.

**B.     Monell Liability**

Defendants assert that Reigle's complaint fails to state a claim for municipal liability under Monell v. New York City Dep't of Social Services, 436 U.S. 658 (1978). (Doc. 33-3 at 6-12). A municipality may be held liable under § 1983 "if the governmental body itself 'subjects' a person to a deprivation of constitutional rights or 'causes' a person 'to be subjected' to such deprivation." Connick v. Thompson, 563 U.S. 51, 60 (2011) (quoting Monell, 436 U.S. at 692). Thus, a plaintiff seeking to impose constitutional liability on a municipality must meet the difficult burden of proving that "action pursuant to official municipal policy" caused their injury. Monell, 436 U.S. at 691, 694. This requires the plaintiff to identify an official or unofficial municipal policy—including "decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law," Connick, 563 U.S. at 61 (citations omitted), and demonstrate that said policy was the "moving force" behind his injury, Berg v. Cty. of Allegheny, 219 F.3d 261, 275-76 (3d Cir. 2000) (quoting Bd. of Cty. Comm'rs v. Brown, 520 U.S. 397, 404 (1997)).

Defendants argue that the complaint is completely devoid of sufficient facts to properly assert a Monell claim and fails to meet the pleading requirements of the

5

Federal Rules of Civil Procedure. (Doc. 33-3 at 9-17). The court agrees. Reigle's allegations of municipal liability are purely conclusory. Reigle sets forth a conclusory allegation that defendant Kovach implemented a policy to deny inmates access to the law library. (Doc. 1, p. 2, ¶ 1). He further alleges that "all [prison] board members oversee that prison policy and procedures are not violating inmates['] rights to access court, law library and exercise." (Id. at p. 3, ¶ 4). Reigle fails to identify any specific policy that violated his constitutional rights and fails to demonstrate a causal nexus between the alleged policy and any alleged injury. Additionally, Reigle fails to put forth a single allegation that any other inmate's constitutional rights were violated due to the alleged, unknown policy.

"To satisfy the pleading standard [for a Monell claim], [a plaintiff] must identify a custom or policy, and specify what exactly that custom or policy was." McTernan v. City of York, 564 F.3d 636, 657-58 (3d Cir. 2009) (finding that plaintiff "failed to satisfy the 'rigorous standards of culpability and causation' required for municipal liability" when plaintiff did not "specify the relevant 'custom' or 'policy'" and did not "allege conduct by a municipal decisionmaker" or "knowledge by a municipal decisionmaker"). Additionally, a plaintiff must establish causation by pleading that the municipality's policy or custom "was the source of [his or] her injury." Santiago, 629 F.3d at 135. Reigle has failed to meet this pleading standard. The complaint is wholly inadequate in that it fails to identify a specific policy, how the unknown policy was implemented, other instances in which the policy was executed, and how the particular policy violated Reigle's rights. Consequently, the Monell claim will be dismissed.

### C. Qualified Immunity

"The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Pearson v. Callahan, 555 U.S. 223, 231 (2009) (internal quotation marks omitted). "Qualified immunity balances two important interests—the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." Pearson, 555 U.S. at 231. It "provides ample protection to all but the plainly incompetent or those who knowingly violate the law." Malley v. Briggs, 475 U.S. 335, 341 (1986). "Thus, so long as an official reasonably believes that his conduct complies with the law, qualified immunity will shield that official from liability." Sharp v. Johnson, 669 F.3d 144, 159 (3d Cir. 2012) (citing Pearson, 555 U.S. at 244). Although qualified immunity is generally a question of law that should be considered at the earliest possible stage of proceedings, a genuine dispute of material fact may preclude summary judgment on qualified immunity. Giles v. Kearney, 571 F.3d 318, 325-26 (3d Cir. 2009).

A qualified immunity determination involves a two-pronged inquiry: (1) whether a constitutional or federal right has been violated; and (2) whether that

right was "clearly established." Saucier v. Katz, 533 U.S. 194, 201 (2001), overruled in part by Pearson, 555 U.S. at 236 (permitting federal courts to exercise discretion in deciding which of the two Saucier prongs should be addressed first). The court finds that any decision on qualified immunity would be premature, and therefore, the court will deny the motion to dismiss on the grounds of a qualified immunity defense. The denial, however, will be without prejudice.

IV. **Leave to Amend**

When a complaint fails to present a prima facie case of liability, district courts must generally grant leave to amend before dismissing the complaint. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000). Specifically, the Third Circuit Court of Appeals has admonished that when a complaint is subject to dismissal for failure to state a claim, courts should liberally grant leave to amend "unless such an amendment would be inequitable or futile." Phillips, 515 F.3d at 245 (citing Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004)). For these reasons, the court concludes that Reigle should be afforded the opportunity to amend his complaint.

V. **Conclusion**

Based on the foregoing, the motion (Doc. 33) to dismiss will be granted. An appropriate order will issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

Dated: June 15, 2017